WILLIAM A. PAGE, JR., PROSECUTOR, v. JOHN SWITH-
ENBY, SR., ET AL., DEFENDANTS.

Submitted March 18, 1915—Decided June 5, 1915.

By the incorporation of the town of Kearny (*Pamph. L.* 1895, *p.*
218) there is conferred on the council of the town, among other
powers, the power "to regulate, license or prohibit inns, taverns
and restaurants, and the sale or transfer of spirituous, vinous,
malt or other strong or intoxicating liquors; * * * and to
fix and prescribe the terms and conditions upon which licenses
for such purposes shall be granted." *Held,* that a renewal of a
liquor license, granted under an ordinance enacted in pursuance
of these powers, a recommendation by twelve freeholders was
unnecessary, such recommendation not being required by the
statute cited.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *G. Rowland Munroe.*

For the defendants, *Michael T. & Hugh C. Barrett* and
*Roy F. Anthony.*

The opinion of the court was delivered by

KALISCH, J. The defendant, John Swithenby, Sr., pre-
sented a petition to the town council of Kearny, on the 13th
day of May, 1914, for a renewal of a retail liquor license which
he held. The prosecutor filed objections to the granting of the
same, but the council, without giving a hearing on the re-
monstrance, renewed the defendant's license. On a writ of
*certiorari* to review this proceeding, the action of the council
in granting the license was set aside. Thereupon, the council,
at a regular meeting, reconsidered its action in granting the
license. The prosecutor was present at this meeting and
presented to the council two remonstrances against the grant-
ing of a license to the defendant, and requested that the hear-

ing of the objections be adjourned until the next meeting of that body, so that he might be represented by his counsel, which request was granted, and the matter was continued to July 29th, 1914. On that day the council, after a hearing of the objections of the prosecutor against a renewal of the license, granted the same.

The prosecutor now seeks, on *certiorari,* sued out by him, to set aside this action of the council of the town of Kearny, on the ground that the defendant's application for a renewal of his license does not contain the recommendation of twelve freeholders of the town of Kearny.

The contention of counsel of the defendant is that since the application of the defendant, Swithenby, Sr., was for a renewal of his license, that under an ordinance passed May 23d, 1899, by the council of the town of Kearny, entitled "An ordinance to license and regulate inns and taverns and beer saloons and to regulate the sale of spirituous, vinous, malt and brewed liquors in the town of Kearny," such a recommendation is unnecessary.

Section 16 of the ordinance, in substance, provides that if a license has once been granted to keep an inn and tavern, or beer saloon, and to sell spirituous, vinous, malt or brewed liquors, it shall not be requisite, in order to give the council power to grant a renewal of such license, that a new application, recommended by freeholders shall be first signed and presented, &c.

If this section of the ordinance is authorized by the charter of the town of Kearny, then it becomes clear that the application for a renewal of the license need not be recommended by freeholders.

It is, however, germane to the subject of inquiry to notice that the application for a renewal of the license, in the present case, is not made under the Inns and Taverns act, and therefore the requirements of that act are not applicable.

The town of Kearny is incorporated under an act entitled "An act providing for the formation, establishment and government of towns." *Pamph. L.* 1895, *p.* 218.

By section 47 of the act, page 238, there is conferred on the council of the town, among other powers, the power "to regulate, license or prohibit inns, taverns and restaurants, and the sale or transfer of spirituous, vinous, malt or other strong or intoxicating liquors; * * * and to fix and prescribe the terms and conditions upon which licenses for such purposes shall be granted," &c.

If it were necessary to cite any authority for the construction here given, that, by virtue of the provision of the statute quoted, the town of Kearny is authorized to regulate the requirements for liquor license, it will be found in *Leeds* v. *Altreuter*, 84 *N. J. L.* 722, which deals directly with the subject.

Since it appears that the applicant complied with the regulations of the ordinance relating to applications for a renewal of a liquor license, the proceedings of the council will be affirmed.